IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILLIP L. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:25-cv-00222 |
| ) | |
| SECURITY GUARD #1, et al., ) | JUDGE RICHARDSON |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Phillip Mitchell, an inmate in the custody of the Davidson County Sheriff's Office, filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Plaintiff subsequently filed motions for a jury trial (Doc. No. 6) and to ascertain the status of this case. (Doc. Nos. 7, 9, 10.)

This case is before the Court for ruling on Plaintiff's IFP application and motions, and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, *see* 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, the IFP application (Doc. No. 2) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350

instead of $405, *see id.* § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. 28 U.S.C. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the

Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, supra.

**B. Factual Allegations**

The Complaint claims that Plaintiff's Fourth and Fourteenth Amendment rights were violated when he was briefly detained and "wrestled . . . to the ground" by two Walmart security guards as he was attempting to leave the store, following an incident where a condiment tray was knocked to the floor during an argument between Plaintiff and a food-service employee. (Doc. No.

1 at 3–4, 14–16.) In the process of wrestling Plaintiff to the floor, the security guards allegedly damaged his shoulders, lower back, and sciatic nerve. (*Id.* at 5.) The guards let Plaintiff go, but not "right away." (*Id.* at 14.) When they let him go, he "got up and left the store" while telling the guards he was going to press charges. (*Id.* at 14, 16.) Claiming that he was mistreated because of his race, Plaintiff seeks an award of damages against the two security guards and against Walmart. (*Id.* at 16, 17.)

C. Analysis

The Fourth Amendment, applicable to the states through the Fourteenth Amendment, prohibits "unreasonable searches and seizures." U.S. Const. Amend. IV. This prohibition "also encompasses the right to be free from the use of excessive force during an arrest, investigatory stop, or any other seizure." *Robinson v. D.C.*, 130 F. Supp. 3d 180, 193 (D.D.C. 2015) (citation and internal quotation marks omitted). However, as mentioned above, Section 1983 only provides a vehicle for claims (constitutional or otherwise) against "state actors." *Carl*, 763 F.3d at 595. Because the Complaint's allegations fail to support any plausible claim against a state actor, this action must be dismissed.

The Complaint alleges that the two security-guard Defendants are employed by Walmart. (Doc. No. 1 at 2.) Walmart and its employees are private parties. For a private party's actions to constitute state action for purposes of Section 1983, those actions must be "fairly attributable to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). "The performance of private security functions . . . does not transform private security officers into state actors for purposes of § 1983," *Davis v. Walmart, Inc.*, No. 1:23-CV-1488, 2024 WL 3071644, at *7 (N.D. Ohio June 20, 2024) (citing *Chapman*, 319 F.3d at 834), unless the private security officer's actions satisfy the public function

test—meaning that they involved the exercise of "powers traditionally reserved exclusively to the state." *Chapman*, 319 F.3d at 833; *see also*, *e.g.*, *Carl*, 763 F.3d at 595 (discussing public function test, which the Sixth Circuit interprets "narrowly; rarely have we attributed private conduct to the state"). "The Sixth Circuit recognizes that private security guards may qualify as state actors under the public function[] test when they are 'endowed by law with plenary police powers such that they are *de facto* police officers.'" *Davis*, 2024 WL 3071644, at *7 (quoting *Romanski v. Detroit Entm't, LLC*, 428 F.3d 629, 637 (6th Cir. 2005)). But where the security employees of a private institution such as Walmart are "dispatched to protect the institution's interests or enforce its policies," without being vested with "plenary police authority," no public function is performed. *Romanski*, 428 F.3d at 637–38.

The Complaint in this case alleges that the Walmart security guards briefly detained Plaintiff by grabbing and holding his arms and forcing him to the ground. (*See* Doc. No. 1 at 14, 16.) It does not allege that the guards placed Plaintiff under arrest, nor that they had the power to do so. Accordingly, as in *Davis*, the Complaint here "contains no allegations that Walmart and its employees exercised or were endowed with any powers exclusively reserved for the state." *Davis*, 2024 WL 3071644, at *8. Therefore, neither Walmart nor its security guards are state actors properly sued under Section 1983 for violating Plaintiff's constitutional rights. This case must be dismissed.

### III. CONCLUSION

In light of this Order's explanation of the status of this case, Plaintiff's pending motions to ascertain the same (Doc. Nos. 7, 9, 10) are **GRANTED**. For the reasons discussed above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to

state a claim upon which relief may be granted. Plaintiff's motion for jury trial (Doc. No. 6) is **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE